**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS' RESERVE FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL NO. 11, | ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 20-cv-1618<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MSM SOLUTIONS, INC., an Illinois Corporation, | ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, ROOFERS' UNIONS WELFARE TRUST FUND, CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS' RESERVE FUND, ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, NATIONAL ROOFING INDUSTRY PENSION PLAN, and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL NO. 11, by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant MSM SOLUTIONS, INC. ("MSM"), as follows:

1

## JURISDICTION AND VENUE

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132, 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2.  Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the ROOFERS' PENSION FUND ("Pension Fund"), the ROOFERS' UNIONS WELFARE TRUST FUND ("Welfare Fund"), and the ROOFERS' RESERVE FUND ("Reserve Fund") are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND ("Training Fund") is administered at 7045 Joliet Road, Indian Head Park, Illinois, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.  The Welfare Fund, Pension Fund, and Training Fund receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL NO. 11 ("Local 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4.  The ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("Industry Fund") is an industry improvement fund administered in Hillside, Illinois.

2

5. The ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("Promotional Fund") is a labor management cooperation committee that is administered in Westchester, Illinois.

6. The NATIONAL ROOFING INDUSTRY PENSION PLAN ("NRIPP") is a multiemployer defined benefit pension plan with its principal place of business located in Bloomington, Minnesota.

7. Defendant MSM is an Illinois Corporation with its principal place of business located in Oakbrook Terrace, Illinois.

## COUNT I
## BREACH OF THE SWA

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. On July 22, 2019, MSM entered into a Memorandum of Understanding with Local 11 whereby it agreed to be bound by the provisions of the SWA for all times relevant to this action. (A copy of the Memorandum of Understanding is attached as **Exhibit 1**); (A copy of the 2015-2018 SWA is attached as **Exhibit 2**).

10. Through the agreements referred to in Paragraph 9, MSM also became bound by the provisions of the Agreements and Declarations of Trust that created the Welfare Fund, Pension Fund, Reserve Fund, Training Fund, Industry Fund, Promotional Fund, and NRIPP Trust Funds (collectively referred to as the "Trust Funds").

11. Pursuant to the Agreements and Declarations of Trust that created the Trust Funds (hereinafter referred to as the "Trust Agreements"), the Trustees adopted Employer Contribution Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

12.     Pursuant to the provisions of the SWA, the Trust Agreements and the Collection Procedures, MSM is required to make monthly reports of hours worked by bargaining unit employees and pay contributions to the Trust Funds at the negotiated rate for each hour of covered work. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13.     Pursuant to the SWA and properly executed dues check-offs cards, MSM was required to deduct dues assessments for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to Local 11 on a monthly basis. The monthly remittance reports and dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. The rates at which MSM was to require to deduct dues assessments are set forth in the table below:

| Period: | Rate: |
|---|---|
| 6/1/15 – 11/30/15 | $0.91 per hour |
| 12/1/15 – 5/31/16 | $0.93 per hour |
| 6/1/16 – 11/30/16 | $0.94 per hour |
| 12/1/16 – 5/31/17 | $0.95 per hour |
| 6/1/17 – 11/30/17 | $0.97 per hour |
| 12/1/17 – 5/31/18 | $0.99 per hour |

14.     Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), and provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to submit their monthly Contribution Reports and contributions to the Trust Funds and dues to Local 11 on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest for each month that contributions remain unpaid, calculated at the prime

rate as published by the Wall Street Journal plus four (4) percentage points, plus any reasonable attorney's fees and costs of maintaining suit.

15.    In order to verify compliance with the SWA, Trust Agreements, and Collection Procedures, the Trust Funds and Local 11 may perform a payroll compliance audit of an employer at any time.

16.    A payroll compliance audit of MSM's financial books and records for the period of September 1, 2015, through May 4, 2018 revealed that MSM owes the Trust Funds, the and Local 11 an aggregate amount of $81,077.05, which is itemized as follows:

| Description | 2015 | 2016 | 2017 | 2018 | Total |
|---|---|---|---|---|---|
| Welfare Fund | $6,990.39 | $2,622.69 | $14,239.79 | $3,038.20 | $26,891.07 |
| Pension Fund | $8,028.82 | $3,171.71 | $15,994.38 | $3,203.69 | $30,398.60 |
| Reserve Fund | $42.21 | $7.40 | - | - | $49.61 |
| Training Fund | $447.45 | $176.32 | $913.07 | $181.11 | $1,717.95 |
| Industry Fund | $219.51 | $98.19 | $559.93 | $112.41 | $990.04 |
| Promotional Fund | $135.08 | $66.52 | $402.51 | $81.19 | $685.30 |
| NRIPP | $869.58 | $455.03 | $3,117.02 | $680.71 | $5,122.34 |
| Local 11 Dues | $768.27 | $296.27 | $1,524.31 | $309.13 | $2,897.98 |
| **Total** | **$17,501.31** | **$6,894.13** | **$36,751.01** | **$7,606.44** | **$68,752.89** |
| Interest | | | | | $5,448.87 |
| Liquidated Damages | | | | | $6,875.29 |
| **Total Amount Due** | | | | | **$81,077.05** |

17.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from MSM.

18.    Plaintiffs have complied with all conditions precedent in bringing this suit.

19.    MSM is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.  That Judgment be entered in favor of Plaintiffs and against MSM in the aggregate amount of $81,077.05 for its breach of the SWA, itemized as follow:

    i.  $68,752.89 in unpaid contributions and union dues;

    ii.  $5,448.87 in liquidated damages; and

    iii.  $6,875.29 in interest.

B.  That this Honorable Court enter Judgment in favor of Plaintiffs and against MSM for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C.  That MSM be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29 U.S.C. §1132(g)(2)(D); and

D.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at MSM's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**ROOFERS' PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of the Plaintiffs' Attorneys

**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
blumthal@johnsonkrol.com
(312) 757-5477